Hillsborough,
Feb. 3, 1920.

## ABRAHAM MACHINIST *v.* ABRAHAM GREEN.

If A to promote his own interest as a creditor of C guarantees to B the performance of C's contract with D, and B in consideration thereof pays to A the money which B had promised to loan D for his payments to C, A's promise is not within the statute of frauds.

ACTION, for the breach of an oral contract. Trial by the court, and verdict of two hundred dollars for the plaintiff. The defendant excepted to the court's refusal to order a nonsuit and a directed verdict in his favor, upon the ground that the oral contract was a promise to answer for another's debt and within the statute of frauds. The facts appear in the opinion.

Transferred from the January term, 1919, of the superior court, by *Allen*, J.

*Patrick H. Sullivan*, for the plaintiff.

*Osgood & Osgood*, for the defendant.

PLUMMER, J. The plaintiff agreed to loan one Garber twelve hundred dollars to enable him to purchase of one Plodzik two hundred and thirty cords of wood. The defendant was a creditor of Plodzik in the sum of twenty-five hundred dollars, and was actively interested in collecting it and pressing Plodzik to pay it, and when he learned of the contract between Garber and Plodzik, he made a demand upon Plodzik to have the twelve hundred dollars paid to him. The first payment, in the sum of five hundred dollars for wood delivered, was by the plaintiff's check payable at Garber's request to Plodzik's order, and by him indorsed and delivered to the defendant. When all but thirty of the two hundred and thirty cords of wood had been delivered, Plodzik and the defendant went to the plaintiff, and Plodzik requested him to pay the balance of seven hundred dollars to the defendant. The plaintiff did not obtain Garber's consent to this payment, but paid the seven hundred dollars to the defendant, partly in reliance on the representations of Plodzik and the defendant that all of the two hundred and thirty cords of wood were delivered, and partly in consideration of the defendant's agreement and undertaking that if they were not, they would be, and that he would be responsible for any shortage. The defend-

ant did not know, or even suppose that the full amount of wood had not been delivered. Garber refused to pay the plaintiff twelve hundred dollars, but retained three hundred dollars until the shortage should be made good, and has never paid it.

The defendant's promise to the plaintiff was made as incidental to and in connection with his efforts to collect his claim against Plodzik. It is the defendant's contention that his promise to be responsible for any shortage of wood, was a promise to answer for the debt of another, and therefore within the statute of frauds. P. S., c. 215, s. 2. This position cannot be sustained. The defendant's purpose in making the promise was to induce the plaintiff to pay to him the full balance due upon the wood contract. He was seeking in this manner to collect a portion of a debt due him from Plodzik. This was his sole object, and to effectuate that purpose he promised the plaintiff, in effect, to indemnify him in case he should suffer loss by reason of the transaction.

The promise of the defendant was not made by him for the benefit of another, but for his own benefit. In determining whether an agreement is within the statute of frauds, "the distinction is between a promise the object of which is to promote the interest of another, and one in which the object is to promote the interest of the party making the promise. The former is within the operation of the Statute, the latter is unaffected by it." 1 Reed St. Fr., c. 3, s. 70; *Calkins* v. *Chandler*, 36 Mich. 320, 324; *Wills* v. *Cutler*, 61 N. H. 405, 409; *Janvrin* v. *Powers*, 79 N. H. 44, 46. Moreover the oral agreement of the defendant was an original promise given to the plaintiff who relied upon it to his injury. It was not a collateral undertaking to answer for the debt or default of another, but was the personal obligation of the defendant to be responsible for any loss that the plaintiff might sustain by complying with the defendant's request.

The consideration for the defendant's promise was the payment of the money to him by the plaintiff, and had no connection with the original transaction. It was an independent valid agreement entered into by the parties to this action, and was not within the statute of frauds. *Allen* v. *Thompson*, 10 N. H. 32; *Robinson* v. *Gilman*, 43 N. H. 485; *Britton* v. *Angier*, 48 N. H. 420; *Provenchee* v. *Piper*, 68 N. H. 31.

*Exceptions overruled.*

All concurred